IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAYMOND D. TAYLOR, JR., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DIRECTOR HAROLD W. CLARKE, *et al.*, )<br>    Defendants. ) | Civil Action No. 7:22-cv-00158<br><br>By: Joel C. Hoppe<br>   United States Magistrate Judge |

**ORDER**

This case was filed by *pro se* plaintiff Raymond D. Taylor, Jr., a Virginia inmate who is currently housed in a Nevada prison pursuant to an interstate agreement. The case has been conditionally filed, and Taylor has not yet complied with the orders requiring that he provide certain financial information. The court's last order directed him to file a trust account statement for the six months preceding the filing of this lawsuit. (Dkt. No. 3.)

Taylor has not provided the statements. Instead, he has filed a motion in which he makes several requests. (Dkt. No. 4.) First, he asks that the court intervene and assist him in obtaining his prisoner trust account report and six month statements from his current prison. (*Id.* at 1.) Second, he asks that the court order defendant Harold Clarke, the Director of the Virginia Department of Corrections (VDOC), to provide Taylor's caseworker with various documents, including Taylor's 2020 grievance file, Doc-11 documents, his medical chart, and documents from the institutional classification authority related to him. (*Id.*)

Third, Taylor asks the court to bring to defendant Clarke's attention that Taylor's safety is at risk and that an officer in a Nevada state prison attacked him for no reason. Lastly, he asks the court to ask Clarke to send him back to VDOC custody or to move him closer to the East coast. (*Id.* at 2.)

Taking his requests in reverse order, the court addresses first his requests to inform

Clarke of anything or to request relief from Clarke, which will be denied. The court does not serve as a messenger to inform parties of facts the opposing party wants them to know, nor does it make requests of them on behalf of another party. There are channels for Taylor to communicate with VDOC personnel and he should utilize those channels for communicating with VDOC.[1]

As for Taylor's requests for various documents from his VDOC file, those, too, are requests he can make directly. The court has no knowledge about whether he is entitled to copies of the documents he seeks and, if so, whether he must pay for copies. But he may request the documents directly from VDOC. To the extent his request can be construed as a request for discovery, it is premature. Taylor has not yet completed his *in forma pauperis* application, the court has not yet reviewed the case to ensure that it satisfies screening requirements under 28 U.S.C. § 1915A(a) and like statutes, and no defendant has been served. Discovery is premature under these circumstances. Taylor may serve discovery requests, if related to his claims in this case, *after* they have entered an appearance in the case and answered or otherwise responded to the complaint.

As for Taylor's request for assistance with obtaining his six month statements, Taylor states that he has requested and not been given the six-month statements. He also presents a request form he submitted to prison staff that shows he requested the documents. A staff member responded on April 4, 2022, saying that the account statements had been given to Taylor's counselor "last week," and that the counselor was supposed "to get with Taylor & handle." (Dkt. No. 4-1, at 1.) As the court has advised Taylor in other cases he has filed, the court must have the information about his trust account in order to evaluate whether he may

---

[1] Taylor does not ask the court to order his transfer or otherwise request injunctive relief. Accordingly, the court declines to construe his motion as seeking a preliminary injunction.

proceed *in forma pauperis* in this case.

Accordingly, the court directs the proper official at the prison where Taylor is incarcerated to complete and return to Taylor within ten days of his request the enclosed trust account form, completed and signed, with six months of requested trust account statements attached. The Trust Officer at Taylor's prison also shall treat this Order as an instruction to provide Taylor with additional photocopying service loans to the extent necessary to provide certified copies of the requested trust account statements.

Taylor shall then return the completed inmate account form and statements to the court within thirty days after entry of this order. FAILURE OF THE PLAINTIFF TO SUBMIT THE REQUESTED INFORMATION WITHIN THIRTY (30) DAYS MAY RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE. No additional extensions will be granted absent a showing of good cause.

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Taylor's motion (Dkt. No. 4) is GRANTED insofar as the court has directed the appropriate officials at his prison to provide the statements to him and to give him photocopying loans as necessary to provide them. Taylor must return the account statements within thirty days after entry of this order. His motion is otherwise DENIED WITHOUT PREJUDICE.

The Clerk is DIRECTED to provide a copy of this order and another copy of the prisoner trust account report to Taylor.

It is so ORDERED.

ENTER: April 19, 2021

/s/ Joel C. Hoppe
United States Magistrate Judge

# PRISONER TRUST ACCOUNT REPORT

Case No.  7:22-cv-00158

Plaintiff: RAYMOND D. TAYLOR, JR. v. Defendant(s): DIRECTOR HAROLD CLARKE, et al

**TO TRUST OFFICER- THIS FORM IS FOR THE TRUST OFFICER TO FILL OUT AND RETURN TO INMATE TO SEND BACK TO THE COURT - *MAKE SURE MONTHLY STATEMENTS ARE INCLUDED* FROM: Clerk, United States District Court for the Western District of Virginia**

**INMATE NAME AND INMATE NO.** RAYMOND D. TAYLOR, JR., #1238927

Under the Prison Litigation Reform Act, a prisoner filing a civil action must obtain from the trust officer of each institution in which the prisoner was confined during the **preceding six-months** a certified copy of the prisoner's trust account statement for the six-months prior to the filing of the civil action. Accordingly, the trust officer is requested to complete this form, attach supporting ledger/statements, *and return these documents to the prisoner within 10 days.

Was the inmate incarcerated anywhere else besides this facility in the last six months? _____ Yes _____ No

If yes, which facility? _____

If yes, state month(s) and year(s) the inmate was incarcerated at that other facility.

_____Month(s)  _____Year(s)

**(Example- If this case was filed in January- The court needs six-month statements for July – December)**

Total Deposits for **six-months prior** to filing this action      Account Balance on last day of month for **six-months prior** to filing this action

| Month | Amount | Month | Amount |
|---|---|---|---|
| SEPTEMBER | _____ | SEPTEMBER | _____ |
| OCTOBER | _____ | OCTOBER | _____ |
| NOVEMBER | _____ | NOVEMBER | _____ |
| DECEMBER | _____ | DECEMBER | _____ |
| JANUARY | _____ | JANUARY | _____ |
| FEBRUARY | _____ | FEBRUARY | _____ |

$_____      $_____
AVERAGE MONTHLY DEPOSITS              AVERAGE MONTHLY BALANCE

I certify that the above information accurately states the deposits and balances in the prisoner's trust account for the period shown and that the attached six-month statements are true copies of account records maintained in the ordinary course of business.

**TRUST OFFICER SIGNATURE**_____**DATE:**_____

***In the event the prisoner has insufficient funds in his/her prisoner trust account to pay for copies of the required six-month statements, the facility shall provide the prisoner additional photocopying service loans.**