IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAYMOND D. TAYLOR, JR.,            )<br>    Plaintiff,                                    )<br>                                                         )<br>v.                                                        )<br>                                                         )<br>DIRECTOR HAROLD W. CLARKE, *et al.*, )<br>    Defendants.                               ) | Civil Action No. 7:22-cv-00158<br><br>By: Joel C. Hoppe<br>     United States Magistrate Judge |

**ORDER**

Raymond D. Taylor, Jr., , a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. One of the defendants, Jaxon Wilkens, filed a motion to dismiss on October 3, 2022. (Dkt. No. 37.) After receiving multiple extension of time to respond, Taylor recently filed both his response in opposition and a separate motion for summary judgment against defendant Wilkens only, both received by the Clerk on March 20, 2023. (Dkt. Nos. 64, 65.)

The other defendants also filed a motion to dismiss, on November 3, 2022. Again, Taylor sought and received multiple extensions of time to respond. After the court's latest grant of an extension, Taylor's response was due not later than March 14, 2023. The court's order expressly warned Taylor that no further extensions would be granted absent "evidence showing that circumstances beyond plaintiff's control prevented him from timely filing an opposition brief(s)." (Dkt. No. 62.) As the court explained:

> Plaintiff has offered similar reasons in support of each [of his prior] motion[s]. Those reasons are either unlikely to change (plaintiff's status as a non-lawyer) or have existed for many months (plaintiff's purported difficulties obtaining legal research) such that they no longer provide good cause for an extension, if they ever did. Nonetheless, the court will grant one final extension. Plaintiff shall file any opposition to the motions to dismiss, ECF Nos. 37 and 46, no later than March 14, 2023. If plaintiff does not file a timely

> opposition, the motions to dismiss may be deemed unopposed and the case may be dismissed. *See* Roseboro Notices, ECF Nos. 39 and 49. Plaintiff is warned that the Court will not grant another extension absent evidence showing that circumstances beyond plaintiff's control prevented him from timely filing an opposition brief(s).

(*Id.*)

Taylor failed to file a response by March 14, 2023 to the second motion to dismiss, instead filing yet another motion for extension of time, (Dkt. No. 66), which defendants oppose (Dkt. No. 68). The court has reviewed Taylor's latest motion, and it concludes that he has failed to provide any evidence showing circumstances beyond his control prevented him from timely filing. Because he has failed to show good cause to grant his latest motion for extension, that motion (Dkt. No. 66) is **DENIED**. The presiding district judge may consider the motion to dismiss by the VDOC defendant unopposed and will address it in due time.

Also pending before the court is a motion to stay by defendant Wilkens, which seeks to stay briefing on Taylor's motion for summary judgment pending a ruling on Wilkens's motion to dismiss. The court agrees that the requested stay is appropriate. *Cf. Tilley v. United States*, 270 F. Supp. 2d 731, 734 n.1 (M.D.N.C. 2003) (explaining that it is within a court's discretion to stay discovery pending resolution of a pending dispositive motion). In determining whether to issue a stay in this circumstance, the court considers factors such as "the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants [and] strong support for the dispositive motion on the merits." *Nat'l Coatings & Supply, Inc. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 9813550, at *1 (E.D.N.C. Oct. 15, 2020) (citations omitted).

Having considered those factors, the court concludes that the requested stay is warranted. First, if the motion to dismiss is granted, that would result in the dismissal of all claims against

Wilkens. It would be a waste of the parties' resources to require briefing on a motion for summary judgment, or discovery to support it, especially as the court's ruling on the motion to dismiss may moot the summary judgment motion. In short, both the parties' resources and judicial economy would be served by a stay.

For all these reasons, defendant Wilkens's motion to stay (Dkt. No. 67) is **GRANTED**, and all briefing on plaintiff's motion for summary judgment, as well as any discovery needed for Wilkens to respond, is hereby **STAYED** pending the presiding judge's ruling on Wilkens's motion to dismiss. If the motion to dismiss is not granted, then Wilkens shall respond to Taylor's summary judgment motion not later than thirty days after the court's ruling on the motion to dismiss.

The Clerk is directed to send a copy of this order to Taylor and to all counsel of record.

It is so ORDERED.

ENTER: March 31, 2023

/s/ Joel C. Hoppe
United States Magistrate Judge