IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RAYMOND D. TAYLOR, JR., | ) | |
|     Plaintiff, | ) | Civil Action No. 7:22-cv-00158 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DIRECTOR HAROLD W. CLARKE, *et al.*, | ) | United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Raymond D. Taylor, Jr., proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. His amended complaint explains that he is a Virginia Department of Corrections ("VDOC") inmate, but the events about which he complains occurred after he was transferred to the custody of Nevada's Department of Corrections, pursuant to an agreement called an interstate compact between VDOC and its Nevada counterpart. The amended complaint contains two claims against four defendants.

The first claim is asserted against VDOC Director Harold Clarke, Chief of Corrections Operations A. David Robinson, and VDOC's interstate compact coordinator Kyle Rosch (collectively "the VDOC Defendants"). In it, Taylor alleges that defendants violated his due process rights under the Fourteenth Amendment because certain provisions of the interstate compact were not followed. First, he claims that Section Seven allows the receiving state (here, Nevada) to exercise disciplinary authority over him, but prohibits Nevada from imposing any type of discipline prohibited by Virginia. Second, he claims that Section Eight says he is entitled to hearings conducted by the appropriate authorities of Virginia or by authorities of Nevada, and where a hearing is conducted by Nevada, it will be governed by Virginia law and the authorities of Virginia "will make the final determination on any matter." (Am. Compl. 3.) He asserts that

these provisions are being violated because he is not allowed to have a staff advisor, to request documentary evidence and witnesses, and is not given 24 hours' notice of disciplinary hearings. He does not provide any specifics about when any such hearings took place, what any charges were, what occurred during any hearing, or what penalty was imposed for any disciplinary conviction.

As part of his claim against these defendants, he also includes a statement that he was held in segregation from January 28, 2021, until September 2022. He says this affected him "mentally and physically," although he does not explain how. (Am. Compl. 3.)

Taylor's second claim names only the fourth defendant, Jaxon Wilkens,[1] and claims that Wilkens violated his First and Fourteenth Amendment rights. (Am. Compl. 2–5.) Wilkens is court appointed to act as the institutional attorney for certain inmates, including Taylor. Taylor complains that Wilkens failed to provide him with legal research he requested, which denied him "legal access" for almost two years. He further alleges that Wilkens's failure caused him to miss a deadline for filing a tort claim in the state of Virginia, although he does not identify the tort claim, the alleged tortfeasor(s), or any facts upon which the tort claim was based.

Pending before the court are three motions: (1) a motion to dismiss for failure to state a claim, filed by the VDOC Defendants (Dkt. No. 46); (2) defendant Wilkens's motion to dismiss (Dkt. No. 37); and (3) Taylor's motion for summary judgment as to his claims against Wilkens (Dkt. No. 47). The court addresses each in turn.

---

[1] Wilkens is officially referred to by VDOC as a "Facility Court Appointed Attorney." (Wilkens's Reply Br. 1 n.1, Dkt. No. 69 (citing VDOC Operating Procedure 866.3, at *3, available at https://vadoc.virginia.gov/files/operating-procedures/800/vadoc-op-866.3.pdf (last visited Aug. 7, 2023)).)

## I. VDOC DEFENDANTS' MOTION TO DISMISS

As noted by the assigned United States Magistrate Judge in his March 31, 2023 order, Taylor sought and received numerous extensions of time to respond to the two motions to dismiss filed by defendants. In granting Taylor's third and fourth extensions of time to respond to each, respectively, the court specifically advised him that the court would "not grant him another extension absent evidence showing that circumstances beyond [his] control prevented him from timely filing an opposition brief(s)." (Dkt. No. 62.) Thereafter, Taylor timely filed a response to defendant Wilkens's motion to dismiss (Dkt. No. 64). He did not file a response to the VDOC Defendants' motion to dismiss, however. Instead, he merely sought another extension of time (Dkt. No. 66), which was denied (Dkt. No. 70). The order further stated that the court may consider the motion to dismiss by the VDOC Defendants to be unopposed. (*Id.* at 2.) After his extension was denied, Taylor did not file a response to the motion.

Because Taylor failed to file a timely response to the VDOC Defendants' motion to dismiss, and was repeatedly warned that a failure to respond in a timely fashion could result in the dismissal of the claims against those defendants (Dkt. Nos. 39, 49, 70), the court concludes that all claims against those three defendants shall be dismissed without prejudice for failure to prosecute. Their motion to dismiss (Dkt. No. 46) will be denied as moot.[2]

---

[2] The VDOC Defendants' motion to dismiss raised a number of different grounds for relief. Although the court never received the benefit of a response from Taylor, many of their arguments appear to have merit. Indeed, even if their motion were not rendered moot by the dismissal of claims against them based on Taylor's failure to prosecute, the court would conclude—at a minimum—that the arguments concerning their lack of personal involvement are meritorious. (*See* Mem. Supp. Mot. Dismiss 8–10, Dkt. No. 47.)
   In particular, Taylor simply alleges that he tried to get grievances from Clarke, Rosch, and, he's "pretty sure" Robinson, but Taylor was "not sent anything." (Am. Compl. 3, Dkt. No. 41.) He also alleges that he "advised" all three of them about his "rights" under the interstate compact being violated, although he does not state how or when he advised them of the alleged violations, or whether he received any response from any of them. The Fourth Circuit has made clear that even so-called "supervisory liability" claims require personal involvement by a defendant that causes a violation of the plaintiff's constitutional rights. *See, e.g.*, *King v. Riley*, __ F. 4th __, 2023 WL 4982353, at *7 (4th Cir. Aug. 4, 2023). This requires an "officer-by-officer analysis," and a complaint must contain "allegations of each individual's conduct and state of mind." *Id.* Taylor's conclusory allegations fail to plausibly allege such individual involvement by these three individuals. Thus, if the motion to dismiss were properly before the court, the court would grant it at least on that ground, if not others.

## II. DEFENDANT WILKENS'S MOTION TO DISMISS[3]

### A. Background

As noted above, the amended complaint alleges that Wilkens is the "institutional attorney" who was tasked with providing legal research requested by certain VDOC inmates, including Taylor. Taylor alleges that Wilkens repeatedly failed to provide him with legal research materials he requested, over a period of years. According to Taylor, this failure led to an unspecified Virginia tort claim being barred by limitations.

### B. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[4] To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must accept well-pleaded allegations as true and must construe reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. *Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

---

[3] Although Wilkens's motion to dismiss was filed before the Clerk docketed Taylor's amended complaint as directed by the court, (*see* Oral Order, Dkt. No. 40), his motion addresses the amended complaint. (*See* Wilkens's Mem. Supp. Mot. Dismiss 1–2 & n.1, Dkt. No. 38.)

[4] Unless otherwise noted, the court omits internal citations, alterations, and quotation marks throughout this opinion.

**C. Discussion**

Wilkens argues that the claim against him must be dismissed for several reasons. First, he alleges that he is not a state actor that can be sued under § 1983 and also that he is absolutely immune from suit. Wilkens explains that an institutional attorney in Virginia, like him, is appointed by a court order, pursuant to Virginia Code § 53.1-40, to "counsel and assist indigent prisoners . . . regarding any legal matter relating to their incarceration." Va. Code § 53.1-40. Attorneys appointed under this law "do not represent individual inmates, but merely advise and assist them." *Peterson v. Davis*, 421 F. Supp. 1220, 1223 (E.D. Va. 1976).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Attorneys representing criminal defendants in state court, whether retained, a public defender, or a court-appointed attorney, do not act "under color of state law." *See Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) (explaining that "[p]rivate lawyers do not act 'under of color of state law' merely by making use of the state's court system"); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (holding that a § 1983 action against a state-appointed attorney who represented plaintiff in involuntary commitment proceedings was subject to dismissal "for want of state action").

As the Fourth Circuit has explained,

> Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether privately retained, *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980), or employed as public defenders, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

*Ward v. Ghee*, 8 F.3d 823 (4th Cir. Oct. 13, 1993) (unpublished table decision). Relying on

5

*Deas*, *Hall*, and/or *Polk County*, numerous district courts have dismissed § 1983 claims brought against a plaintiff's counsel on this basis—and not only in the criminal context. *E.g., Clark v. Dills*, No. CV GJH-21-833, 2021 WL 2685254, at *3 (D. Md. June 29, 2021) (criminal counsel); *Howard v. Sharrett*, No. 1:21cv562, 2021 WL 2372888 (E.D. Va. May 18, 2021) (same); *Vyas v. Sofinski*, No. 7:23-CV-00075, 2023 WL 3562976, at *4 (W.D. Va. May 19, 2023) (attorneys in custody proceedings), *appeal docketed*, No. 23-6561 (4th Cir. June 2, 2023); *Lester v. Broadwell, Gillespie Nimmo, P.C.*, No. 23-cv-00060, 2023 WL 2589678, at *2 (W.D. Va. Mar. 21, 2023) (same).

Although an institutional attorney like Wilkens may not represent individual prisoners in court, he is court-appointed to provide services to prisoners. *See* Va. Code § 53.1-40 (explaining that a circuit court judge, when requested to do so by the superintendent or warden of a state correctional facility "shall . . . . appoint . . . one or more discreet and competent attorneys-at-law to counsel and assist indigent prisoners therein confined regarding any legal matter relating to their incarceration"). The court cannot find any meaningful way to distinguish his role from the role of court-appointed attorneys in other contexts, at least for purposes of determining whether he acts under color of state law. Thus, consistent with the foregoing authority, the court concludes that Wilkens did not act under color of state law, and the § 1983 claim against him must be dismissed.

Wilkens also argues that he is absolutely immune from suit. This argument is supported by *Minns v. Paul*, 542 F.2d 899, 900–01 (4th Cir. 1976), where the Fourth Circuit squarely held that an attorney appointed under a predecessor to this provision, Virginia Code § 53-21.2, was absolutely immune from suit under § 1983. As Wilkens acknowledges, the continuing validity of this portion of *Minns* was questioned by the Fourth Circuit in dicta in *Hall*, 631 F.2d at 1156,

6

but no court has overruled *Minns*.[5]  Thus, it remains good law in this circuit.  Other courts have continued to rely on *Minns* to hold that a court-appointed attorney is absolutely immune from suit, often in addition to noting that the attorney does not act under color of state law.  *E.g.*, *Strickland v. Wake Cnty. Ct. of Justice*, No. 5:15-CT-3218, 2016 WL 6068210, at *3 (E.D.N.C. Sept. 13, 2016) (citing *Minns* and describing it as "well-settled that public defenders are entitled to absolute immunity for acts performed in their official capacity"), *report and recommendation adopted*, 2016 WL 6069500 (E.D.N.C. Oct. 14, 2016); *Davis v. Close*, No. 1:13-CV-779, 2014 U.S. Dist. LEXIS 185400, at *4 (M.D.N.C. Mar. 17, 2014) (concluding that an assistant public defender both was immune and did not act under color of state law); *Trexler v. Giese*, No. 3:09-144, 2010 WL 104599, at *3 (D.S.C. Dec. 18, 2009) (relying on *Minns* to conclude that court-appointed attorney in state criminal case has absolute immunity and also noting a lack of state action), *report and recommendation adopted*, 2010 WL 104599 (D.S.C. Jan. 7, 2010).

Wilkens also correctly notes that the amended complaint fails to state a claim against him for an independent reason: Taylor fails to state what Virginia tort claim he allegedly lost as a result of Wilkens's failure to send him legal research.  The Supreme Court has recognized that a plaintiff may assert a constitutional claim that an individual interfered with a plaintiff's access to court.  *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996) (discussing the right generally).  But a plaintiff's right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court."  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege facts showing that the challenged action has actually "hindered his efforts to pursue" a nonfrivolous legal claim.  *Lewis*, 518 U.S. at 351.

---

[5] Notably, moreover, the *Hall* court acknowledged that, regardless of immunity, a court-appointed attorney cannot be sued under § 1983 because there is no state action.  631 F.2d at 1156.

Specifically, the plaintiff must identify in his complaint a "nonfrivolous," "arguable" legal claim, along with the potential remedy that claim sought to recover, that was lost as a result of the defendant's alleged interference with the plaintiff's right of access. *Christopher*, 536 U.S. at 415–16 (quoting *Lewis*, 518 U.S. at 353). Indeed, he cause of action in the underlying action, "whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* at 415.

Taylor's amended complaint does not meet that standard. Although he refers to an unspecified "Virginia tort" claim he intended to bring in state court, he does not describe his claim further. He does not specify what type of tort claim he intended to bring, against whom, or what facts his claim would have been based upon. He also does not identify the remedy he sought. Thus, his complaint fails to identify a "nonfrivolous," "arguable" legal claim that he lost, and his access-to-courts claim against Wilkens is subject to dismissal for this reason, too. *See Christopher*, 536 U.S. at 415–16.

### III.  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Taylor titled his opposition to Wilkens's motion to dismiss as both an opposition and a motion for "summary judgment." (Dkt. Nos. 64, 65.) Because the court is dismissing all claims against all defendants in this case, however, Taylor's motion for summary judgment (Dkt. No. 65) is DENIED AS MOOT.

### IV.  CONCLUSION

For the foregoing reasons, the court will dismiss without prejudice all claims against the VDOC defendants' because of Taylor's failure to prosecute, and it will deny their motion to

dismiss as moot. The court will grant defendant Wilkens's motion to dismiss. Lastly, it will deny as moot Taylor's motion for summary judgment. An appropriate order will be entered.

Entered: August 9, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge